NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0458n.06

Case No. 24-5241

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 19, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| JASON CUNNINGHAM, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| SHELBY COUNTY, TENNESSEE, | ) | TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | OPINION |

BEFORE: SUTTON, Chief Judge; NORRIS and KETHLEDGE, Circuit Judges.

PER CURIAM. After Nancy Lewellyn aimed a gun at Shelby County deputy sheriffs, they shot and killed her. Her son filed a § 1983 action against the County on the ground that the officers used excessive force. Because he failed to tie her death to any ascertainable County policy, the district court granted summary judgment for the County. We affirm.

I.

This tragedy unfolded on March 17, 2017. Nancy Lewellyn called 911 and told the dispatcher that she was depressed, suicidal, and armed with a gun. Three Shelby County, Tennessee, deputy sheriffs arrived at her residence soon after. Video cameras on their vehicles captured what happened next.

When the deputies arrived, Lewellyn emerged from the front door, holding what looked like a handgun (but in fact was a BB gun). As she entered the driveway, she raised the gun and

pointed it in the direction of the deputies. In response, one of the deputies fired several shots at Lewellyn, who continued to move toward a parked car in the driveway. Once she reached the car, she leaned on it and apparently laid the gun on the hood. The deputies maintain they did not see her lay down the gun. A second deputy fired at Lewellyn as well. In total, the two deputies fired ten shots, eight of which hit Lewellyn. The deputies administered aid while waiting for an ambulance. Lewellyn died at a local hospital.

After Lewellyn's death, her son and estate representative, Jason Cunningham, sued the Sheriff, the two deputies, and Shelby County under 42 U.S.C. § 1983, alleging that the use of excessive force violated Lewellyn's Fourth (and Fourteenth) Amendment rights. The district court dismissed the sheriff from the lawsuit, and we granted qualified immunity to the deputies. *Cunningham v. Shelby County*, 994 F.3d 761 (6th Cir. 2021). In February 2024, the district court also granted summary judgment in favor of Shelby County on Cunningham's unconstitutional custom and ratification claims.

## II.

At summary judgment, we, like the district court, ask whether Cunningham has produced sufficient evidence for a reasonable jury to find for him. *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017). In doing so, we draw all reasonable inferences in his favor. *Id.* To prevail on his § 1983 claims against the County, Cunningham must show that (1) Lewellyn suffered a constitutional violation and (2) either a *custom* of toleration for illegal practices or the *ratification* of a violation by an official with final decision-making authority directly caused her death. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

A.

*Custom.* Cunningham alleges that Shelby County had two customs that caused his mother's death: the county tolerated deputies who wrongly shot individuals in mental distress, and its police department failed to separate deputies who used deadly force. To show a custom of illegal practices, a plaintiff must show a pattern of illegal activity, the county's knowledge and approval of it, and a "direct causal link" between the custom and the violation. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quotation omitted). To support such a claim, a plaintiff must show a "clear and persistent pattern" of inaction in light of several instances of similar conduct. *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996). The alleged custom must be so pervasive, enduring, and established that it has "the force of law." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010) (quotation omitted). One alleged violation will not suffice; the claimant at a minimum must show multiple previous incidents of "similar misconduct." *Burgess*, 735 F.3d at 478; *see D'Ambrosio v. Marino*, 747 F.3d 378, 388 (6th Cir. 2014) (three prior instances of a constitutional violation insufficient to show a custom); *Jones*, 625 F.3d at 946 (five prior instances insufficient to show a custom).

Cunningham tries to meet this test in two ways. Neither one does the trick.

First, he claims that Shelby County has a custom of wrongly tolerating deputies who shoot individuals in mental distress. The problem with this theory is that Cunningham identifies only a single instance of supposedly similar conduct: the 2016 shooting of Edmond Studdard. That incident, together with this one, does not establish the kind of pattern our cases require. Even if two incidents by themselves could suffice to establish a custom, that reality would not help Cunningham here, as the two shootings had little in common. Lewellyn threatened to kill herself and others, brandished a gun, and allegedly pointed it at the deputies. Studdard, by contrast,

threatened to kill only himself, and held a knife, not a gun. *Studdard v. Shelby County*, 934 F.3d 478, 480–81 (6th Cir. 2019). On top of that, the County did not ignore either shooting. It launched internal investigations after each incident. A single, unrelated use of force to which the County reasonably responded does not establish an unconstitutional custom.

Second, Cunningham maintains that the police department had a custom of failing to separate deputies following the use of deadly force, all in violation of an internal policy. Under the policy, if an officer discharges his gun, the on-duty supervisor must assume control of the scene and notify the shift commander of the incident. After that, he must take the officer's firearm and separate all witnesses from each other.

The problem with this theory of relief turns on a lack of causation. Even if Cunningham is right about the officers' failure to follow this policy, it would not show that any violation of the policy caused this death. Unfortunately for Cunningham, the failure to separate the deputies could not have caused his mother's death because any such lapse would have occurred only after the shooting.

B.

*Ratification.* Cunningham separately claims that Shelby County ratified the shooting. We need not decide whether it did. The district court held that Cunningham forfeited his ratification argument and that it would nonetheless fail on the merits. On appeal, Cunningham briefs only the merits and ignores the district court's forfeiture holding. If a party fails to address one of the district court's independent grounds for its decision on appeal, he forfeits any challenge to it, permitting us to affirm on that ground alone. *Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868, 884 (6th Cir. 2024). We thus affirm the district court's unaddressed forfeiture ruling.

We affirm.